IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| FRANK A. JOHNSON,              ) | |
|                                  ) | |
|        Plaintiff,  ) | Civil Action No. 3:03-3504-MJP-BM |
| v.                                             ) | |
|                                  ) | **REPORT AND RECOMMENDATION** |
| SQUARE D COMPANY, INC.,         ) | |
| a/k/a SCHNEIDER ELECTRIC,   ) | |
|                                  ) | |
|        Defendant.  ) | |
| _____) | |

This action has been filed by the Plaintiff alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq., and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et. seq.. Plaintiff is a former employee of the Defendant Square D Company, Inc., a/k/a Schneider Electric.

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 12, 2004. The Plaintiff failed to file a timely response to the Defendant's motion, but did file a memorandum in opposition to the motion on March 25, 2005[1].

---

[1] Plaintiff submitted a separate motion to extend time to file his reply, which is opposed by the Defendant. As the undersigned concludes that Plaintiff's case is subject to dismissal on the merits even if Plaintiff's memorandum is considered, Plaintiff's motion to extend time has been granted.



1

Defendant filed a reply to Plaintiff's memorandum in opposition on April 28, 2005. Defendant's motion is now before the Court for disposition.[2]

### Background and Evidence[3]

Plaintiff was hired by the Defendant to work as an assembler at its Columbia, South Carolina facility on June 6, 1988. Plaintiff's job was to assemble and wire a variety of mechanical and electrical components. Plaintiff's Deposition, p. 38; Plaintiff's Deposition, Exhibit 4.

On February 8, 2000, Plaintiff was injured on the job when he was struck by a door which fell off an electrical unit. Plaintiff's Deposition, pp. 68-69. A physician initially told Plaintiff he could return to work the next day but that he should not lift anything weighing more than five or ten pounds and should limit the use of his lower back. Plaintiff's Deposition, pp. 75, 79; Exhibit 12. Plaintiff initially attempted to return to work with this restriction, but took FMLA leave when his back continued to hurt him. Plaintiff's Deposition, pp. 80-81. Plaintiff remained out on medical leave until June 13, 2000. Plaintiff's Deposition, pp. 95-96: Plaintiff's Deposition, Exhibit 14. Plaintiff applied for short-term disability (STD)[4], but instead obtained worker's

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The facts and evidence are considered and discussed in this Report and Recommendation in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).

[4]The Defendant offers its employees short term disability and long term disability (LTD) insurance. An employee who is unable to work because of sickness or injury can file for STD benefits, which pay a percentage of the employee's total wages for a period of up to twenty-six (26) weeks, following which (if the employee is still unable to work) he or she is automatically referred to LTD status. An employee can remain on LTD status for twenty-four (24) months if he or she is unable to perform the essential duties of his or her job, and if the employee is under the regular



compensation temporary total disability, which was more than Plaintiff would have received in STD benefits. Campbell Affidavit, ¶ 6.

On June 13, 2000, Plaintiff's physician allowed him to return to full-time work with a twenty-five pound lifting restriction and instructions to avoid repetitive bending. Plaintiff's Deposition, p. 96; Exhibit 14. Although Plaintiff's job as an assembler required him to lift objects of up to thirty-five pounds; see Plaintiff's Deposition, Exhibit 4; Campbell Affidavit, ¶ 5; the Defendant returned him to work with the understanding that he would not be required to lift any objects weighing more than twenty-five pounds. Campbell Affidavit, ¶ 7. After nine days, however, Plaintiff was having trouble working a full eight hour shift, and his physician recommended that he reduce his work day to six hours. The Defendant accommodated this request. Plaintiff's Deposition, pp. 98-99, 102-103; Exhibit 16. Plaintiff reported to his physician on July 24, 2000 that he was still having problems, and his physician told him that if he could not do his job with the restrictions noted that he should consider going to vocational rehabilitation. Plaintiff's Deposition, pp. 105-107; Exhibit 18.

Plaintiff was next seen by his physician on September 18, 2000, who at that time continued Plaintiff's twenty-five pound lifting restriction with instructions to try and avoid repetitive bending. Plaintiff was also given an impairment rating of 10% to the whole body and 13% to his lumbar spine. Plaintiff's Deposition, pp. 107-109; Exhibit 19. Plaintiff thereafter continued to work with these restrictions until October 26, 2000, when he was injured in a motor

---

care of a doctor. Further, an employee may retain LTD benefits for longer than twenty-four months if he or she is unable to perform any job for pay for which the employee is reasonably fit by education, training or experience, and if the employee is under the regular care of a doctor. See Campbell Affidavit, ¶ 4; Plaintiff's Deposition, Exhibit 28.



vehicle accident. Following this accident, Plaintiff went out on FMLA leave for approximately five days. Plaintiff's Deposition, pp. 109-110; Exhibit 20.

Plaintiff was seen by a different physician, Dr. Johnson,[5] for a second opinion in February 2001. Plaintiff advised Dr. Johnson that he was having difficulty working even with a twenty-five pound lifting restriction. Plaintiff's Deposition, pp. 114-116; Exhibit 22. Plaintiff also sought a third medical opinion in October 2001 from Dr. James Rentz. Plaintiff's Deposition, pp. 116-117; Exhibit 22. However, neither Dr. Johnson or Dr. Rentz changed Plaintiff's restrictions.

By November 2001, the Defendant indicated that it was no longer willing to allow Plaintiff to continue to work at a reduced level, and Plaintiff was advised that he could take FMLA leave or apply for STD benefits for twenty-six weeks. Campbell Affidavit, ¶¶ 12-13. Bonnie Campbell, the Defendant's Human Resource representative, attests that Plaintiff was also advised that, if he ultimately went on LTD, his employment would be terminated. Id.

Plaintiff went out on FMLA leave on November 30, 2001, and applied for STD benefits starting January 8, 2002. Plaintiff's Deposition, Exhibits 24 & 29.[6] On March 27, 2002 (four weeks after Plaintiff's FMLA leave expired), Plaintiff called Campbell to say that he was coming back to work. Plaintiff advised Campbell that he could work either at full duty or with "some reasonable accommodations". Plaintiff's Deposition, pp. 125-126. The Defendant did not allow Plaintiff to return to work, however, on the grounds that Plaintiff had had no change in his medical condition. Plaintiff's Deposition, Exhibit 33; Campbell Affidavit, ¶ 14. Plaintiff thereafter

---

[5]Plaintiff's first physician was Dr. Lynch.

[6]Because Plaintiff's worker's compensation temporary total disability exceeded his STD benefits, Plaintiff did not receive STD benefits. Campbell Affidavit, ¶ 13.



became eligible for LTD benefits in June 2002, and was removed from the Defendant's payroll. Plaintiff received LTD benefits of 80% of his salary for the next twenty-four months. Plaintiff's Deposition, p. 176; Plaintiff's Deposition, Exhibit 30; Campbell Affidavit, ¶ 15.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

### I.

### (ADA Claim)

Plaintiff contends that he was terminated by the Defendant because of a back injury he suffered while on the job, and that his termination was in violation of the ADA. In order to assert a claim under the ADA, Plaintiff must present evidence to show that 1) he is a qualified person with a disability under the ADA, and 2) that the defendant is subject to suit under that statute. 42 U.S.C. § 12112(a); see Pollard v. High's of Baltimore, Inc., 281 F.3d 462, 467 (4th Cir. 2002), cert. denied, 123 S.Ct. 122 (2002); Tyndall v. National Education Centers, 31 F.3d 209, 212 (4th Cir. 1994); Hooven-Lewis v. Caldera, 249 F.3d 259, 268 (4th Cir. 2001) [same standards apply to ADA and



Rehabilitation Act].[7]

Defendant does not contest that it is subject to suit under the ADA. With regard to whether Plaintiff is a qualified person with a disability so as to establish a violation of the ADA by the Defendant, three criteria must be met: first, the Plaintiff must have a "disability"; second, the Plaintiff must have been "qualified" for the job in question; and third, the Plaintiff's adverse employment action must constitute unlawful "discrimination" based on his disability. E.E.O.C. v. Stowe-Pharr Mills, Inc., 216 F.3d 373, 377 (4th Cir. 2000); Baird ex rel. Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999); Tyndall, 31 F.3d at 212. Defendant argues in its motion, inter alia, that it is entitled to summary judgment because Plaintiff has failed to present evidence sufficient to create a genuine issue of material fact that he has a "disability". After careful review of the evidence and arguments presented, the undersigned is constrained to agree with the Defendant that Plaintiff has failed to establish he has a disability as that term is defined by the ADA, and that his ADA claim should therefore by dismissed.

The term "disability" is defined as a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual, b) a record of such impairment, or c) being regarded as having such an impairment. 42 U.S.C. § 12102(2); Pollard, 281 F.3d at 467. A "major life activity" is defined as a basic activity that an average person can perform with little or no difficulty, such as walking, hearing, speaking, learning, breathing, standing, lifting,

---

[7]While some cited cases deal with the Rehabilitation Act rather than the ADA, the standards are the same. Smaw v. Commonwealth of Virginia Department of State Police, 862 F.Supp. 1469, 1474 (E.D.Va. 1994) ["By design, the ADA standards mirror those of the Rehabilitation Act in this case....The emergence of the ADA does not create a new avenue for claims in the area of disability discrimination; rather, the ADA incorporates the existing language and standards of the Rehabilitation Act in this area."]; Hooven-Lewis v. Caldera, 249 F.3d at 268.



seeing and working. Appendix to 29 C.F.R. § 1630.2(i); see Bruncko v. Mercy Hosp., 260 F.3d 939, 941 (8th Cir. 2001); Dutcher v. Ingalls Shipbuilding, 53 F.3d 723-727, n. 7 (5th Cir. 1995); Gupton v. Virginia, 14 F.3d 203, 205 (4th Cir. 1994), cert. denied, 513 U.S. 810 (1994) ( Rehabilitation Act). Hence, the issue before this Court is whether Plaintiff has presented sufficient evidence to create a genuine issue of fact as to whether his impairment (back injury) substantially limits a major life activity as identified by the Plaintiff, whether there is any record of such a substantially limiting impairment, or whether the Defendant regarded him as having such an impairment. Plaintiff does not specifically identify one particular major life activity in which he is substantially limited, but does discuss working, an inability to do yard work, and an inability to wrestle with or throw the football with his children. A review of the testimony and exhibits shows that Plaintiff has failed to meet his burden of showing he is "disabled" as a result of these claims.

First, Plaintiff does not himself contend that he was unable to work. To the contrary, while noting the restrictions that had been placed on his work activity by his physicians, it is undisputed that he continued to work at the Defendant's plant notwithstanding these restrictions. While the Defendant did accommodate him in his job, that was only because his job (as normally performed) required him to lift more than the 25 pound lifting restriction placed on him by his physicians. A physical impairment that limits an individual's ability to work at a certain particular job, but which does not limit his or her ability to work generally, does not constitute a substantial limitation in the major life activity of working. Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, No. 00-1089, 2002 WL 15402 at *11 ["…assuming that working is a major life activity, a claimant would be required to show an inability to work in a 'broad range of jobs', rather than a specific job."] (citing Sutton v. United Air Lines, Inc., 527 U.S. 471, 491-492 (1999)); Gupton,



7

14 F.3d at 205; Heilweil v. Mt. Sinai Hospital, 32 F.3d 718, 724 (2d Cir. 1994); Rhoads v. Federal Deposit Insurance Corp., 956 F.Supp. 1239, 1246-1247 (D.Md. 1997), rev'd in part on other grounds, 257 F.3d 373 (4th Cir. 2001); Forrisi v. Bowen, 794 F.2d 931, 935 (4th Cir. 1986); Patrick v. Southern Company Services, 910 F.Supp. 566, 569 (N.D.Al.), aff'd Mem.Op., 103 F.3d 149 (11th Cir. 1996) ["[A] person who merely cannot work on particular job(s) at particular place(s) is not considered to be disabled [under the ADA]."].

Plaintiff has presented no evidence to show that his back impairment prevents him from performing a broad range of jobs, either at the Defendant's plant or at other jobs which may have been available to him. Indeed, Plaintiff's own exhibits show that Plaintiff's only restriction was that he should not lift any objects weighing more than twenty-five pounds and should try and avoid repetitive bending.  See  Plaintiff's Deposition, Exhibits 19 & 22. Therefore, Plaintiff has not established that his impairment substantially limits his major life activity of working. See Stuart v. Danka Corp., 986 F.Supp. 741, 744 (E.D.N.Y. 1997) [for impairment to rise to the level of a disability under the ADA, it must substantially limit one or more of plaintiff's major life activities]; Williams v. Channel Master, 101 F.3d 346, 349 (4th Cir. 1995) ["[W]e hold, as a matter of law, that a twenty-five pound lifting limitation - particularly when compared to an average person's abilities --- does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity."], cert. denied, 520 U.S. 1240 (1997); Hazeldine v. Beverage Media, Ltd., 954 F.Supp. 697, 703-704 (S.D.N.Y. 1997) [inability to kneel and bend does not qualify as substantially limiting a major life activity]; Thomas v. Potter, 325 F.Supp.2d 596, 608 (M.D.N.C. 2004) [restriction on repetitive bending not a disability]; Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 271-272 (9th Cir. 1996) [summary judgment upheld where plaintiff failed to produce evidence she



in fact had a disability]; *cf.* See Waters v. Gardner, 452 F.2d 855, 858 (9th Cir. 1971) [concluding that a whole person impairment rating of less than thirty (30%) percent was inconsistent with allegations of disability] [Social Security case].[8]

Plaintiff's complaint could also be construed as asserting that he is entitled to relief because the Defendant "regarded" him as being substantially limited in a major life activity. Specifically, that he was terminated because the Defendant believed his physical limitations prevented him from being an effective employee and substantially limited his ability to work. See MacDonald v. Delta Airlines, Inc., 94 F.3d 1437, 1443 (10th Cir. 1996), citing Dutcher v. Ingalls Shipbuilding, 53 F.3d at 727 [holding that the Plaintiff "might have qualified as disabled under the ADA if he could have provided sufficient summary judgment evidence that he was regarded by [the Defendant] as having an impairment that substantially limited a major life activity, whether he actually had such an impairment or not."]; Rhodes v. F.D.I.C., 257 F.3d 373, 391 (4th Cir. 2001). However, Plaintiff has presented no evidence to show that the Defendant actually regarded him as being unable to perform a class of jobs or a wide range of jobs, nor does Plaintiff point to any evidence to show that the Defendant regarded Plaintiff's impairment as substantially limiting his

---

[8]Significantly, Plaintiff also argues in his brief that his twenty-five pound lifting restriction only applied during 2001 and 2002, and that he can now lift up to forty-four pounds, well beyond the thirty-five pound lifting requirement for his prior position. Plaintiff's Deposition, p. 45. However, the very fact that Plaintiff himself admits that the restrictions which had earlier been placed on his work activity were only temporary serves to defeat his claim. *Cf.* Pollard v. High's of Baltimore, Inc., 281 F.3d 462, 468-471 (4th Cir. 2002) [temporary impairments usually do not fall within the ADA's definition of disability]; Roush v. Weastec, Inc., 96 F.3d 840, 843-844 (6th Cir. 1996)[Where Plaintiff underwent a number of surgeries and medical procedures which corrected her kidney condition, her condition was temporary, was not substantially limiting, and did not constitute at a disability under the ADA]; Halperin v. Abacus Tech. Corp., 128 F.3d 191, 199 (4th Cir. 1997) ["[T]he term 'disability' does not include temporary medical conditions, even if those conditions required extended leaves of absence from work"].



9

major life activity of working, or indeed wanted to get rid of him because of his inability to do a broad range of jobs.[9] Sullivan, 197 F.3d at 810 ["[A] defendant employer's perception that health problems are adversely affecting an employee's job performance is not tantamount to regarding that employee as disabled"]; Cohen v. Township of Cheltenham, Pennsylvania, 174 F.Supp. 2d 307, 331 n. 18 (E.D.Pa. 2001) ["The court's focus on whether a defendant employer regards an ADA plaintiff as disabled can only mean that the "regarded as" inquiry hinges on a defendant's perceptions."]; Witter v. Delta Air Lines, 138 F.3d 1366, 1370 (11th Cir. 1998) [To proceed under a "regarded as" claim for perceived disability under the § 12102(2) of the ADA, plaintiff would have to show that her employer "regarded [her] as being significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes."]; Williams v. Channel Master, 101 F.3d at 349; Aucutt v. Six Flags Over Mid-America, 85 F.3d 1311, 1319 (8th Cir. 1996). See also Haulbrook v. Michelin North America, Inc., 252 F.3d 696, 703-704 (4th Cir. 2001) ["The fact that an employer is aware of an employee's impairment, without more, is 'insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action.'"] (quoting Kelly v. Drexel University, 94 F.3d 102, 109 (3d Cir. 1996).

   Therefore, Plaintiff has not submitted sufficient evidence to create a genuine issue of

---



[9]The mere fact that the Defendant asked Plaintiff to obtain physician statements or otherwise document his restrictions does not constitute evidence that the Defendant regarded Plaintiff as being disabled. *Cf.* Sullivan v. River Valley School District, 197 F.3d 804, 810 (6th Cir. 1999), cert. denied, 530 U.S. 1262 (2000) [Affirming grant of summary judgment to an employer who required the plaintiff employee to submit to mental and physical examinations to determine his fitness to continue as a teacher: "Given that an employer needs to be able to determine the cause of an employee's aberrant behavior, [the fact that examinations were required] is not enough to suggest that the employee is regarded as...disabled...."]; Plant v. Morton Int'l., Inc., 212 F.3d 929, 937-938 (6th Cir. 2000) [attempts by employer to respond to documented medical restrictions does not give rise to a finding of disability as a "regarded as" claim].

fact as to whether he was substantially limited in his major life activity of working, or that the Defendant regarded him to be so substantially limited, to avoid summary judgment. As for the other limitations noted by the Plaintiff, Defendant correctly notes that Plaintiff's inability to do yard work, or that he can longer wrestle with his children and throw the football with them, assuming these allegations to be true for purposes of summary judgment, are not the type of physical limitations which constitute a "disability" under the ADA. See generally, Webber v. Strippit, Inc., 186 F.3d 907, 914 (8th Cir. 1999) [yard work, such as gardening and mowing, is not a major life activity]; Colwell v. Suffolk County Police Dept., 158 F.3d 635, 643 (2d Cir. 1998) [yard work is not a major life activity]; Paris v. Arc/Davidson County, Inc., 307 F.Supp.2d 743, 758 (M.D.N.C. 2004) [Plaintiff's inability to perform physical yard work not a significant restriction]; Brown v. Farmland Foods, Inc., 178 F.Supp.2d 961, 973 (N.D.Iowa 2001) [inability to wrestle with children or play basketball not a disability]; Kaley v. Icon International, Inc., No. 99-1750, 2001 WL 1781898 at *6, n. 5 (S.D.Ind. 2001) [inability to perform well in sports not a disability]; Piascyk v. City of New Haven, 64 F.Supp.2d 19, 26 (D.Conn. 1999) [activities such as running and jumping do not qualify as major life activities under the ADA]; see also Miller v. Airborne Express, No. 98-217, 1999 WL 47242 (N.D.Tex. 1999) [inability to crawl, kneel, squat, or climb not in and of themselves major life activities under the ADA]; Thomas v. N.Telecom, Inc., 157 F.Supp.2d 627, 632 (M.D.N.C. 2000); cf. Rebarchek v. The Farmers Coop. Elevator & Mercantile Assoc., 60 F.Supp.2d 1145 (D.Kan. 1999).

As Plaintiff has failed to present sufficient evidence to create a genuine issue of fact as to whether he had a "disability" as that term is defined by the ADA, his ADA claim is subject to summary judgment.



11

**II.**

**(FMLA Claim)**

In his second cause of action, Plaintiff asserts that, while he was on medical leave, the Defendant denied Plaintiff his rights under the FMLA to be restored to his position, and that Plaintiff's termination by the Defendant while he was on medical leave constituted an interference with the Plaintiff's rights under the FMLA. In his brief opposing summary judgment, Plaintiff argues that he was improperly placed on FMLA leave instead of disability leave, and that the Defendant mis-used Plaintiff's FMLA leave as a means to avoid the requirements of the South Carolina Worker's Compensation Act.

The FMLA provides twelve (12) weeks of unpaid leave per year for eligible employees. Under the FMLA, an employee is entitled to take reasonable leave for medical and other reasons in a manner that accommodates the legitimate interests of their employer. 29 U.S.C. § 2612. An "eligible employee" under the Act is an employee who has been employed for at least twelve (12) months by the employer with respect to whom leave is requested, and for at least one thousand two hundred and fifty (1,250) hours of service with such employer during the previous twelve (12) month period. 29 U.S.C. § 2611(2)(A). Defendant does not dispute that Plaintiff meets this standard. However, in this particular case, Plaintiff's claim is not that he was denied FMLA leave, but that he was improperly put on FMLA leave when some other action should have been taken. Plaintiff further argues that the FMLA required the Defendant to restore Plaintiff to his former job. See 29 U.S.C. § 2614(a) [upon return from FMLA leave, an employee should be restored to the previous or equivalent position].

After careful consideration of the arguments and evidence presented, the undersigned



finds and concludes that Plaintiff's FMLA claim is without merit. First, with respect to Plaintiff's claim that the Defendant should have been required to restore him to his former position, the FMLA clearly provides that an employee has no right to restoration to a position if they are unable to perform an essential function of the position because of a physical or mental condition. 29 C.F.R. § 825.214(b); see Reynolds v. Phillips & Temro Ind., 195 F.3d 411, 414 (8th Cir. 1999); Tardi v. Rehabilitation Hosp. of Rhode Island, 168 F.3d 538, 543-544 (1st Cir. 1999); Holmes v. E. Spire Communications, Inc., 135 F.Supp.2d 657, 666 (D.Md. 2001) [Plaintiff unable to return to work when leave expired had no right to be restored to her former position]. Here, it is undisputed that Plaintiff himself applied for short term disability leave in January 2002, and thereafter began receiving long term disability payments in June 2002 because he was unable to perform the requirements of his job. Plaintiff's FMLA leave expired on February 22, 2002. Plaintiff's Deposition Exhibits 24, 29-30; see also 20 C.F.R. § 825.207(d)(1). Further, Plaintiff was not discharged until after his FMLA leave had expired and he failed to return to work.

As for Plaintiff's claim that he was improperly placed on FMLA leave in the first place so the Defendant could avoid the requirements of the State worker's compensation law, the Defendant correctly notes that FMLA leave can be run concurrently with worker's compensation leave. See 29 C.F.R. § 825.207(d)(2). Further, the evidence before the Court shows that Plaintiff did in fact obtain worker's compensation benefits under the South Carolina Worker's Compensation Act. Campbell Affidavit, ¶¶ 6,13. This argument is therefore without merit.

### Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary



13

judgment be **granted**, and that this case be **dismissed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June 9, 2005

14