IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| FRANK A. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.:  3:03-cv-03504-MJP |
| ) | |
| SQUARE D COMPANY, INC., a/k/a ) | |
| SCHNEIDER ELECTRIC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**WRITTEN OPINION AND ORDER**

In this case, Plaintiff Frank A. Johnson brought the instant action alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et. seq.* ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et. seq.* ("FMLA").  The Defendant, Square D Company, Inc., a/k/a Schneider Electric, denied these allegations and filed a Motion for Summary Judgment on October 12, 2004.  Plaintiff opposed this Motion.

On June 9, 2005, United States Magistrate Judge Bristow Marchant filed the Report and Reocmmendation recommending that the Defendant's Motion for Summary Judgment be granted. The Plaintiff filed an objection to the Report on June 27, 2005.  The Objection did not address Plaintiff's FMLA claim nor did it assert that the Magistrate Judge erred in recommending summary judgment on his claims that he had a physical impairment that substantially limited a major life activity.  Plaintiff only asserted that the Magistrate Judge "failed to properly find the Defendant regarded Plaintiff as substantially limited in his major life activities as a result of placing Plaintiff on long term disability in June of 2002."  (Plaintiff's Objection, p. 1).

A hearing on Plaintiff's Objection was held on February 17, 2006 before the undersigned. After reviewing the Report and Recommendation and the Objection filed thereto, and after a

hearing on the issues raised, the Court overrules Plaintiff's Objection to the Report and Recommendation and adopts the Report and Recommendation in its entirety.

In conducting its review of the Report and Recommendation and the Objection filed thereto, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Authority of City of Columbia*, 791 F.Supp. 137, 138 (D. S.C. 1992) (citations omitted).

In light of the above-referenced standard, the Court has reviewed, *de novo*, the Report and the objection filed thereto. As well, the undersigned has also carefully considered all of the pleadings filed in the case, the parties' arguments contained therein, all exhibits, and the relevant case law, as well as those matters raised at the hearing on February 17, 2006. The Court accepts the Report. As properly reasoned by the Magistrate Judge:

> Plaintiff has presented no evidence to show that the Defendant actually regarded him as being unable to perform a class of jobs or a wide range of jobs, nor does Plaintiff point to any evidence to show that the Defendant regarded Plaintiff's impairment as substantially limiting in his major life activity of working, or indeed wanted to get rid of him because of his inability to do a broad range of jobs.

(Magistrate Judge's Report, pgs. 9-10).

Plaintiff was unable to substantiate his objection at the hearing before this Court, and conceded that Defendant was correct both as to the application of the law and the facts in this case.

In sum, a *de novo* review of the record, and the evidence presented at the hearing, indicate that the Report accurately summarizes this case and the applicable law. For the reasons articulated by the Magistrate Judge, it is **ORDERED** that the Defendant's Motion for Summary Judgment is **GRANTED** and the instant case is **DISMISSED.**

**IT IS SO ORDERED.**

<u>s/ Matthew J. Perry, Jr.</u>
Senior United States District Judge

Dated this <u>21st</u> day of April 2006